UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
Case No. _____
*Electronically Filed*

| | |
|---|---|
| **JESSICA STRITTHOLT** ) <br> 2932 Collier Lane, ) <br> Burlington, KY 41005 ) <br>  ) <br> **Plaintiff** ) <br> vs. ) <br>  ) <br> **INDIANA GAMING COMPANY, LLC** ) <br> 825 BERKSHIRE BLVD, ) <br> WYOMISSING, PA, 19610 ) <br>  ) <br> Serve:  C T Corporation System ) <br>   334 North Senate Avenue, ) <br>   Indianapolis, IN, 46204 ) <br>  ) <br> **Defendant** ) | **CIVIL ACTION NO.**_____ <br><br><br><br><br> **JUDGE** _____ <br><br><br><br> **COMPLAINT WITH JURY DEMAND** |

Come now the Plaintiff, Jessica Strittholt, by and through counsel, and for her Complaint against Defendant, states as follows:

**PARTIES AND JURISDICTION**

1. At all times relevant hereto Plaintiff, Jessica Strittholt, was a resident and citizen of Boone County, Kentucky.

2. At all times relevant hereto, Defendant, Indiana Gaming Company, LLC ("Defendant") was a Indiana Limited Liability Company, with its principal office located at the 825 Berkshire Blvd, Wyomissing, PA, 19610. Defendant was at all times mentioned herein an employer within the meaning of Indiana Code Ann. 22-9-1-1, *et seq*., and Title VII of the Civil Rights Act of 1964.

1

3. Plaintiff was employed by Defendant at Hollywood Casino & Hotel (hereinafter "Hollywood") in Dearborn County, Indiana, and the employment practices complained of herein all occurred in Dearborn County, Indiana.

4. Subject matter jurisdiction exists in this Court under 42 U.S.C. §2000, 28 U.S.C §1331, and 28 USC §1367 and other applicable laws.

5. The amount in controversy exceeds the minimum jurisdictional amount to establish Diversity of Citizenship jurisdiction.

6. This Complaint has been filed within the statute of limitations period established for the claims arising herein.

7. Original jurisdiction is appropriate in this Court based upon diversity of citizenship and federal question jurisdiction.

8. Venue in the Southern District of Indiana is appropriate pursuant to 28 U.S.C. §1391 in that a substantial part of the events giving rise to the claim occurred within this district.

## ADMINISTRATIVE REQUIREMENTS

9. Within 300 days of the conduct set forth below, Plaintiff filed a charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission, Charge No. 470-2021-02844 against Defendant alleging discrimination on the basis of her gender, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

10. On or about August 17, 2022, the EEOC issued a Right to Sue ("RTS") letter to Plaintiff.

11. Plaintiff received her RTS from the EEOC in accordance with 42 U.S.C. §2000e5(f)(1).

12. Plaintiff has filed the instant action within 90 days of his receipt of the RTS.

13. Plaintiff has exhausted her administrative requirements pursuant to 29 C.F.R. §1614.407(b).

## FACTS RELEVANT TO ALL CLAIMS

14. Plaintiff is a female.

15. Plaintiff was hired as a Table Games Dealer for Hollywood on or around May 2013.

16. During Plaintiff's employment, Ms. Strittholt worked in the Celebrity Pit and dealt Blackjack.

17. On or around 2019, during Plaintiff's pregnancy, she was asked to try out for her position in the Celebrity Pit as a part of the usual try outs which occurred every six months. Following Plaintiff's tryout, Brad Hinson, manager of Defendant, informed Plaintiff that she had scored low on her evaluation, citing her stage presence in the audition. When Plaintiff, who was approximately eight months pregnant at the time, questioned his reasoning, Mr. Hinson admitted it was due to her pregnancy and responded that her pregnancy has made her "no longer look like the character" she was portraying.

18. Following this incident, Plaintiff's hours were reduced due to her low evaluation score and she was only given one day of work per week. In addition, she was told that the only way she could get maternity leave was if she was terminated.

19. Plaintiff again tried out six months later following her pregnancy and she was given much higher scores and rehired. When she reported these incidents to Human Resources, including her reduced schedule and termination, she was told there was nothing they could do about it. This occurred during both of Plaintiff's pregnancies which occurred during her employment with Defendant Hollywood.

20. On or around June 2020, immediately following Defendant Hollywood's reopening from their COVID shutdown, Plaintiff began experiencing continuous, weekly unwanted and

inappropriate sexual advances from numerous employees at Defendant Hollywood, most notably her manager Roger Swinney.  The comments from Mr. Swinney started with Plaintiff's outfits and included, but were not limited to, how her shorts are "really hot" and how they "look good on her", asking about her bra, how he could or could not see it, and asking if she was wearing a bra and/or panties.

21. As time continued, the comments escalated, and on one such occasion while talking with Plaintiff in his office alone, Mr. Swinney even asked her "how many drinks it would take to have sex with [him]."

22. On or around September 10, 2020, Plaintiff reported the comments to Tamara Evans, manager, who reported it to her manager, Mr. Hinson.  Mr. Hinson subsequently informed Plaintiff to report it to Human Resources, which she did several times following this conversation, including a written report she submitted on September 25, 2020 to Angela Schinaman, HR Generalist, which detailed all of the aforementioned comments.

23. Following Plaintiff's written report, Mr. Swinney was interviewed by HR and admitted to his inappropriate advances.  However, despite his admission, Plaintiff was forced to continue working on the same shift as Mr. Swinney.

24. Following her written report of sexual harassment, Human Resources inappropriately divulged Plaintiff's complaint to other employees at Hollywood causing Plaintiff emotional distress and embarrassment.

25. On or around 2020, Matt Nicely, dealer and manager, made unwanted sexual comments and advances toward Plaintiff.  These inappropriate and unwanted sexual comments and advances occurred several times over a few months and included but were not limited to: saying that if Plaintiff got a divorce, he would be her "first"; stating that he "bets that it would be

perfect" referring to sex with her, and comments about her outfits and other comments which were sexual in nature. Plaintiff reported this to co-workers, and it was well-known around Defendant Hollywood.

26. On or around 2020, Ron Griffin, dealer, also made inappropriate sexual advances and comments toward Plaintiff. Mr. Griffin's advances included saying that he "wished he could stand behind [her] all day", made comments about how her butt looked in jeans, unwantedly touching Plaintiff's lower back near her butt, and even touched her butt following her return from her pregnancy.

27. Lastly, while Plaintiff was dealing cards in the Celebrity Pit approximately a week prior to her employment ending at Hollywood, Anthony Katzmarak, Floor Manager, approached her and asked if she was wearing panties.

28. Following Plaintiff's reports of sexual harassment and just prior to the end of her employment, Mr. Hinson unfavorably changed Plaintiff's schedule in obvious retaliation for her complaints of sexual harassment

29. As a result of Defendant's failure to take remedial action to protect Ms. Strittholt against continued sexual harassment, pregnancy discrimination and retaliation, Ms. Strittholt felt she had no other choice but to leave her employment. On March 19, 2021, Ms. Strittholt sent an email to Mike Galle, General Manager, in which she resigned from her position, citing continuing and constant sexual harassment, advances and retaliation as the reason.

30. As a direct result of Defendant's acts or failures to act stated herein, Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to pain and suffering, emotional distress, mental anxiety, and lost wages and benefits for which he is entitled to compensation.

## COUNT I

## SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

31. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

32. The above actions by Defendant, their agents and/or supervisors, constitute sexual harassment, including quid pro quo and hostile work environment harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, and Indiana Code Ann. 22-9-1-1, *et seq.*

33. The above-described unwelcome sexual harassment created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional well-being.

34. Defendant knew or should have known of the actions described herein, and their failure to prevent said actions directed against Plaintiff inflicted upon her severe mental and emotional distress, including humiliation in front of her colleagues and suffering injuries to her career and reputation, all to her damage.

35. As a proximate result of the Defendant's actions as set forth above, Plaintiff is now suffering and will continue to suffer irreparable harm and injury, for which she should be compensated.

## COUNT II

## RETALIATION – TITLE VII & INDIANA CODE ANN. 22-9-1-1, *ET SEQ.*

36. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

37. Once Plaintiff complained of the illegal hostile work environment, Defendant took numerous retaliatory acts against her, culminating in Plaintiff's termination of employment.

38. As a direct and proximate result of Defendant's conduct herein, Plaintiff has suffered a loss of income and benefits, severe emotional distress and mental anxiety, all for which she should be compensated.

**WHEREFORE,** the Plaintiff, Jessica Strittholt, demands judgment against the Defendant as follows:

A. For all compensatory, liquidated, and punitive damages with respect to statutory and tort claims in an amount to be determined by the jury;

B. For back pay, reinstatement or in the alternative front pay, and other appropriate relief;

C. For an award of reasonable costs and attorney's fees;

D. For pre-judgment and post-judgment interest; and

E. For any and all other equitable and legal relief to which Plaintiffs appear entitled.

Respectfully submitted,

CHURCH LANGDON LOPP & BANET LLC
318 Pearl Street, Ste. 200
New Albany, IN 47150
812-725-8224
812-813-4020 (f)
MTawfik@CLLBLegal.com

/s/Marc Tawfik
Marc Tawfik
Attorney No.: 32437-39
Co-Counsel for the Plaintiff

And

          GATLIN VOELKER, PLLC
          50 E. Rivercenter Blvd., Ste. #1275
          Covington, Kentucky 41011
          (859) 781-9100
          dcapano@gatlinvoelker.com
          bbonar@gatlinvoelker.com

          /s/Dominic A. Capano
          Dominic A. Capano
          Barbara D. Bonar

          Co-Counsel for the Plaintiff

## JURY DEMAND

Plaintiff herein demands a trial by jury.

          /s/Marc Tawfik
          Marc Tawfik

          /s/ Dominic A. Capano
          Dominic A. Capano